IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

INLAND CONCRETE ENTERPRISES, INC.
EMPLOYEE STOCK OWNERSHIP PLAN,
 et al.

        Plaintiffs,

v.                                                               No.: 1:15-mc-00033-WJ

KRAFT AMERICAS, L.P., A LIMITED
PARTNERSHIP,  RUNE KRAFT, AN INDIVIDUAL,
and Does 1 through 5,

        Defendants.

## ORDER STRIKING MOTION FOR RULE 11 SANCTIONS

THIS MATTER comes before the Court on Defendant Rune Kraft's Motion for Rule 11 Sanctions (**Doc. 17**), filed December 9, 2016.  Kraft brings the Motion *pro se* on behalf of himself as well as Defendant Kraft Americas, L.P.  The rules governing the practice of law in this federal district court, specifically local rule D.N.M. LR-Civ 83.7, provides that a corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court.  Kraft Americas, L.P. is not represented by counsel in this matter.  Kraft, who does not even purport to be an attorney, cannot therefore legally represent Kraft Americas, L.P. pursuant to Rule 83.7.  Although the Motion does not specify on whose behalf it is filed, its contents clearly show it purports to argue the position of Kraft Americas, L.P., in violation of Rule 83.7

The Court also takes this opportunity to point out the Court's local rules governing page limits for briefs.  D.N.M. LR-Civ 7.5 provides that a motion cannot exceed twenty-seven (27) double-spaced pages.  A reply brief must not exceed twelve (12) double-spaced pages.  Kraft's Motion is 30 pages, and the Reply is 48 pages.  Both briefs exceed this Court's page limits.

Therefore, the Motion for Rule 11 Sanctions (**Doc. 17**) is **STRIKEN** for failure to comply with Rules 83.7 and 7.5.  **Kraft may refile a Motion that complies with Rule 83.7 and Rule 7.5 within ten (10) days following the entry of this Order.**

    **SO ORDERED**

                                                 UNITED STATES DISTRICT JUDGE