IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Inland Concrete Enterprises, Inc.,
Employee Stock Ownership Plan; et al.

      Plaintiff,

v.                                          No.: 1:15-mc-00033-WJ

Kraft Americas, L.P. a Limited Partnership;
Rune Kraft, an individual, and Does 1 through
5, incl.

      Defendants.

## ORDER LIFTING STAY, DISMISSING MATTER AS MOOT
## and
## CLOSING CASE

This is a garnishment case ("Garnishment Case") in which Plaintiff ("Inland Concrete") seeks to garnish royalty proceeds that are being paid to Defendants in order to satisfy a default judgment obtained by Plaintiffs in the United States District Court for the Central District of California against Kraft L.P., and pro se Defendant Rune Kraft, a resident of Delaware ("Kraft Defendants"), in the amount of $3,808,483.00 plus interest at the rate of 0.18% per year.

## BACKGROUND

The Kraft Defendants began receiving royalty payments in February 1999 under a quarry royalty agreement from CalMat Company (formerly American Building Supply, Inc.). This case began in July 2015, when Plaintiff Inland Concrete (now "Oldcastle Precast, Inc." or "Oldcastle") registered a default judgment obtained in California against the Kraft Defendants. Doc. 1 (Certification of Judgment for Registration in Another District). Plaintiff requested that a writ of garnishment be issued upon CalMat Company ("CalMat") against the Kraft Defendants

in favor of Oldcastle, based on its belief that CalMat was indebted to the Kraft Defendants. In August 2015, U.S. District Judge William P. Johnson granted Oldcastle's Application for Writ of Garnishment naming CalMat as the garnishee and Kraft as the judgment debtor. Docs 3 & 4, Garnishment Case.

CalMat Company ("CalMat") then filed an Interpleader action in January 2016, naming as defendants Oldcastle Precast, Inc. (formerly Inland Concrete) and the Kraft Defendants and which was assigned to U.S. District Judge Kenneth J. Gonzales. *CalMat Co. v. Oldcastle,* 16-cv-00026, KG-JHR ("Interpleader Case"). CalMat sought to interplead the royalty agreement proceeds after the Kraft Defendants claimed that Oldcastle was not entitled to them in order to satisfy the judgment debt because it had assigned its interest in the royalty agreement to one of its Kraft company holdings. On CalMat's motion, the garnishment case was stayed pending the outcome of the Interpleader action. Doc. 23, Garnishment Case.

Judge Gonzales granted CalMat's request to interplead the royalty agreement proceeds, ordering it to pay into the Court's registry any royalty payments due at that time and any royalty payments as they come due under the terms of the royalty agreement. *CalMat,* Doc. 55 at 12, Interpleader Case. CalMat was also discharged from liability in connection with the payment of proceeds under the royalty agreement so long as the proceeds were paid into the Court registry. *Id.* On December 4, 2017, Judge Gonzales entered a Memorandum Opinion and Order granting summary judgment in Oldcastle's favor and against all Defendants in the Interpleader case, including the Kraft Defendants. *CalMat,* Doc. 190 at 5. Judge Gonzales specifically ordered that CalMat "shall pay future royalty payments to Oldcastle pending resolution of the underlying garnishment proceeding." *Id.* The District Court rejected the Kraft Defendants' numerous objections and motions for reconsideration, and the Tenth Circuit Court of Appeals rejected their

appeal.  *Id.,* Doc. 244 ("Mandate").  The District Court subsequently entered an Order for Disbursement of Funds to Oldcastle in the amount of $57,310.96 plus accrued interest.  Doc. 245.  The Interpleader case was subsequently terminated on August 15, 2019.

## DISCUSSION

The final orders in the Interpleader case and its termination leave nothing else to be done in the garnishment case and so the matter has become moot.  This Court has already issued the Writ of Garnishment to CalMat for the balance due on the judgment against "Kraft Americas LP, a limited partnership" as judgment debtor in the case.  *See* Doc. 4, Garnishment.

Therefore, the Court:

(1) finds that the Interpleader action has been finally adjudicated, *see* Doc. 191 (Final Summary Judgment);

(2) hereby LIFTS the Stay entered in this Garnishment case;

(3) finds that the writ of garnishment shall issue as ordered by this Court; and finally,

(4) that all matters in this case are dismissed as moot and the case is hereby closed.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE