# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

Inland Concrete Enterprises, Inc.,
Employee Stock Ownership Plan; et al.

      Plaintiff,

v.                                                                        No.: 1:15-mc-00033-WJ

Kraft Americas, L.P. a Limited Partnership;
Rune Kraft, an individual, and Does 1 through
5, incl.

      Defendants.

## ORDER OVERRULING DEFENDANT'S OBJECTIONS TO ORDER TO SHOW CAUSE WHY FILING RESTRICTIONS SHOULD NOT BE IMPOSED
## and
## ORDER IMPOSING FILING RESTRICTIONS

THIS MATTER comes before the Court upon Defendant's Objections to Order to Show Cause and Striking Defendant's Motion for Rule 11 Sanctions, filed June 5, 2020 **(Doc. 46)**. For reasons given below, the Court overrules these objections and imposes the proposed filing restrictions.

### BACKGROUND

On June 4, 2020, this Court entered an Order to Show Cause proposing filing restrictions with respect to *pro se* Defendant Rune Kraft ("Kraft") and ordering Kraft to show cause why they should not be imposed. Doc. 45 ("Order"). The Order also struck pleadings related to Kraft's various Rule 11 motions. As the Order noted, Kraft has been involved in at least four cases before this Court. Kraft's litigation abuses are chronicled in past opinions, including the Court's recent Order to Show Cause. He now offers four objections to the Court's proposed filing restrictions, but none have any merit and will be overruled for the reasons given below.

## DISCUSSION

**Objection 1: The Court has no authority to impose these restrictions because they deny Kraft the right to seek relief pursuant to rule 11**.

Kraft's Rule 11 motions were directed at the attorneys who represented Plaintiff in this garnishment action. Kraft launches into the merits of those Rule 11 motions—all of which were stricken by the Court—and he continues on this course for several pages of his pleading.

Further, contrary to Kraft's claim, this Court *does* have authority to impose filing restrictions. In *Chambers v. NASCO, Inc*., 501 U.S. 32 (1991), the United States Supreme Court stated that the court's inherent powers are governed not by rules or statutes but by the control necessarily vested in courts to manage their own affairs in order to achieve the orderly and expeditious disposition of cases. *Id*. at 49, 111 S.Ct. at 2135 (quoting *Link v. Wabash R.R*., 370 U.S. 626, 630-32 (1962)). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986); *see also Braley v. Campbell*, 832 F.2d 1504, 1510 n.4 (10th Cir. 1987) (federal courts are empowered to impose monetary sanctions, by statutes and the rules of civil and appellate procedure as well as their inherent right to manage their own proceedings in order to deter frivolous and abusive litigation and promote justice and judicial efficiency)(citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-67 (1980)).

This first objection is non-responsive as to why the proposed filing restrictions should not be imposed and so it is OVERRULED.

**Objection 2: The Court has no authority to act as protector and advocate for local attorneys and act corruptly in that pursuit.**

In this objection, Kraft claims that the Court acted as "protector and advocate" for the local attorneys associated with this matter. *See* Doc. 46 at 4 ("The Court has been acting corruptly in its pursuit of protecting the Attorneys and acting as an advocate for the Attorneys"). In support of this statement, Kraft claims that the judgment entered against him in the District of California which provides the financial base for the garnishment, "is a void judgment." Kraft has advanced this same argument—an attempt to shrug off the legitimacy of the District of California judgment—in all the other cases in which he has been involved.

Kraft confuses having to face the consequences of his own failure to follow Court rules and orders with advocating for an opposing party. Certain pleadings filed by Kraft were stricken solely because of his own refusal to comply with Court orders and rules, for example:

(1) Kraft filed motions during a stay that was entered in this garnishment action, contrary to explicit instructions in the Court's order that no pleadings were to be filed pending resolution on the companion interpleader case. Doc. 45 at 2; and

(2) Kraft failed to follow several local rules and refused to comply with these rules even when he was given an opportunity to cure the defects. *Id.*; and

(3) Still other pleadings were stricken by the Court because they were frivolous. *Id.* at 3.

This objection is overruled because it provides the Court with no legal or factual basis to reconsider the proposed filing restrictions.

**Objection 3:  Kraft maintains that this case "is the only matter he has been involved with at any of its courts, state or federal."**

This simply is not true.  A court may take judicial notice of its records. *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 794 n.17 (10th Cir. 1998); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (court may take judicial notice of

its own records and files, whether requested or not) (citing Fed.R.Evid. 201). In its Order to Show Cause, the Court noted that Kraft has been involved in "at least four cases before this Court." Doc. 45 at 1. All of these cases exist as matters of public record, despite Kraft's claim to the contrary.

For the remainder of the pages devoted to this objection, Kraft continues to relitigate the garnishment case and describes this Court's handling of the matter as "corruption containing elements of fascism allowing local attorneys to do anything they want." Doc. 46 at 6.

The Court finds this objection to be non-responsive as well, and so it is overruled as well.

**Objection 4: The Court does not have the authority to impose the restrictions.**

To the extent this objection repeats the arguments raised in Objection 1, the objection is overruled.

Kraft also objects to the Court's reliance on *Landrith v. Schmidt,* 732 F.3d 1171, 1174 (10th Cir. 2013) as "justification for its actions" because the Court did not follow the same proposed restrictions in that case. Doc. 46 at 9. However, there is nothing in *Landrith's* language suggesting that all filing restrictions must be the same or that the restrictions proposed here would not be appropriate under any circumstance. On the contrary, restrictions can be imposed if they are "carefully tailored" to the situation. 732 F.3d at 1174. The court proposing the restrictions must offer clear guidelines as to what a party "must do to obtain the court's permission to file an action" and offer notice and an opportunity to be heard. *Id.* (noting that written opportunity to respond is sufficient). In its Order to Show Cause and in considering Kraft's objections here, the Court has met these requirements.

Kraft takes particular issue with the requirement that he would be enjoined from initiating further litigation in this Court "unless a licensed attorney who is admitted to practice before this

Court signs the pleading." Doc. 45 at 5. Kraft notes that Landrith was allowed to proceed *pro se* as long as certain steps were followed beforehand, whereas here the Court is requiring that Kraft have a licensed attorney sign his pleadings before they are accepted by the Court. Again, *Landrith* does not in any way foreclose or otherwise discourage this proposed restriction:

> Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the . . . court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome . . . as to deny a litigant meaningful access to the courts.

*Landrith*, 732 F.3d at 1174. Kraft may consider the licensed attorney signature requirement to be "onerous," but it does not deny him access to the courts and the Court has determined this restriction to be necessary and tailored to curb Kraft's litigation abuses.[1] Further, Kraft is not precluded from appealing the imposition of these restrictions to the Court of Appeals for Tenth Circuit if he considers them to be unwarranted or contrary to law. The restrictions specifically except the filing of a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis*.

In conclusion, the Court finds that Kraft has not presented any meritorious objections regarding the Court's proposed filing restrictions.

**THEREFORE,**

**The Court hereby imposes the following filing restrictions, effective immediately:**

(1) Rune Kraft is hereby enjoined from making further filings in this case except:

    (a) a notice of appeal, and

    (b) a motion for leave to proceed on appeal *in forma pauperis*.

---

[1] The Court observes that identical restrictions were imposed by United States District Judge Robert C. Brack in one of the other cases involving Kraft. *See Rune Kraft v. Jesse Hatch, et al.,* 19cv00646 RB-CG, Doc. 35, Doc. 35 at 4. Kraft filed that lawsuit objecting to the outcome of the District of California case. *See id.,* Doc. 11 at 1. The restrictions imposed by Judge Brack in that case effectively forecloses Kraft's ability to file other lawsuits without an attorney signing the pleading, but it would have had no effect on Kraft's continuing to file other pleadings in this case. For that reason, the Court proceeded to propose restrictions in this case as well.

(2) The Clerk of Court is hereby directed to return, without filing, any additional submissions by Kraft in this case other than a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis*, unless a licensed attorney who is admitted to practice before this Court signs the proposed filing.

(3) Kraft is hereby enjoined from initiating further litigation in this Court, and the Clerk of Court is hereby directed to return without filing any initial pleading that Kraft submits, unless a licensed attorney who is admitted to practice before this Court signs the pleading.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE